1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11    MICHAEL McRAE,                    )   Case No.: 1:13-cv-01156-SAB (HC)
                                        )
12                  Petitioner,         )   ORDER DISMISSING PETITION FOR WRIT OF
                                        )   HABEAS CORPUS, DIRECTING CLERK OF
13          v.                          )   COURT TO TERMINATE ACTION, AND
                                        )   DECLINING TO ISSUE A CERTIFICATE OF
14    PAUL COPENHAVER,                  )   APPEALABILITY
                                        )
15                  Respondent.         )   (ECF No. 1)
                                        )
16    _____  )

17          Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. §

18    2241.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United

19    States magistrate judge.  Local Rule 305(b).

20          Petitioner filed the instant petition for writ of habeas corpus on July 25, 2013.  Petitioner seeks

21    relief by way of § 2241 by relying on the Supreme Court's recent in <u>United States v. Alleyne</u>, __ U.S.

22    __, 131 S.Ct. 2151 (2013), which held that a criminal defendant has a Sixth Amendment right to a jury

23    finding beyond a reasonable doubt as to all facts that increase the penalty for a crime beyond the

24    statutory maximum sentence.  <u>Alleyne</u> specifically overruled the Supreme Court's prior decision in

25    <u>Harris v. United States</u>, 536 U.S. 525 (2002), which held that <u>Apprendi v. New Jersey</u>, 530 U.S. 466

26    (2000) did not apply to facts that only increased the statutory maximum.

27    ///

28    ///

                                          1

I.

DISCUSSION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.1988); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir.1983); In re Dorsainvil, 119 F.3d 245, 249 (3d 1997); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir.1981).  In such cases, only the sentencing court has jurisdiction.  Tripati, 843 F.2d at 1163.  A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Grady v. United States, 929 F.2d 468, 470 (9th Cir.1991); Tripati, 843 F.2d at 1162; see also United States v. Flores, 616 F.2d 840, 842 (5th Cir.1980).

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); United States v. Tubwell, 37 F.3d 175, 177 (5th Cir. 1994); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2d Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991); United States v. Hutchings, 835 F.2d 185, 186-87 (8th Cir. 1987); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

In this case, Petitioner contends he "is actually innocent of his sentence of life imprisonment for conspiracy to distribute and possess with intent to distribute a controlled substance because the judge, not the jury, found that he was responsible for different types of drugs and grams, and absent that factual finding, the statutory maximum term of imprisonment was 20 years by statute that is authorized by Congress."  (Pet. at 2.)  Petitioner is challenging the validity and constitutionality of his sentence rather than an error in the administration of his sentence.  Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.  In rare situations, a federal prisoner authorized to seek relief under § 2255 may seek relief under § 2241 if he can show the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." United States v. Pirro, 104 F.3d 297, 299 (9th Cir.1997) (quoting § 2255).

1   Although there is little guidance from any court on when § 2255 is an inadequate or ineffective

2   remedy, the Ninth Circuit has recognized that it is a very narrow exception. Id.; Aronson v. May, 85

3   S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255 motion is insufficient to render § 2255

4   inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir.1988) (a petitioner's fears of bias or unequal

5   treatment do not render a § 2255 petition inadequate); Williams v. Heritage, 250 F.2d 390 (9th

6   Cir.1957); Hildebrandt v. Swope, 229 F.2d 582 (9th Cir.1956).  The burden is on the petitioner to

7   show that the remedy is inadequate or ineffective.  Redfield v. United States, 315 F.2d 76, 83 (9th Cir.

8   1963).

9        The Ninth Circuit has concluded that the section 2255 remedy qualifies as inadequate or

10  ineffective only "'when a petitioner (1) makes a claim of actual innocence, and (2) has not had an

11  unobstructed procedural shot at presenting that claim.'"  Harrison v. Ollison, 519 F.3d 952, 959 (9th

12  Cir. 2008) (citation omitted).  In Bousley v. United States, 523 U.S. 614 (1998), the Supreme Court

13  explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the

14  evidence, it is more likely than not that no reasonable juror would have convicted him."  Id. at 623

15  (internal quotation marks omitted).  Petitioner bears the burden of proof on this issue by a

16  preponderance of the evidence, and he must show not just that the evidence against him was weak, but

17  that it was so weak that "no reasonable juror" would have convicted him.  Lorentsen, 223 F.3d at 954.

18       To demonstrate the absence of "an unobstructed procedural shot," Petitioner must submit proof

19  that he never had an opportunity to raise the claim of actual innocence on appeal or in a Section 2255

20  motion.  Harrison v. Ollison, 519 F.3d at 960.  To satisfy this requirement, the court must determine

21  "'(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct

22  appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's

23  claim after that first § 2255 motion.'"  Id. (citation omitted).

24       In this case, Petitioner fails to satisfy either of the two requirements for invoking the section

25  2255 escape hatch.  Petitioner fails to demonstrate that he is "actually" innocence of the crimes for

26  which he was convicted.  Rather, Petitioner's claim is an attack on his sentence based on the Supreme

27  Court's decision in Alleyne.  Alleyne is not an intervening change in the law and does not

28  decriminalize the acts underlying Petitioner's convictions.  This claim involves legal insufficiency, not

3

factual innocence.  Alleyne is a sentencing-error case and claims involving sentencing error do not serve as a basis for actual innocence under Bousley.  In addition, the Supreme Court has not make Alleyne retroactive.  See, e.g., Simpson v. United States, __ F.3d __, 2013 WL 3455876, *1 (7th Cir. July 10, 2013) (finding Alleyne is an extension of the holding in Apprendi and the Justices of the Supreme Court have not decided that Alleyne is retroactive on collateral review).

Furthermore, Petitioner fails to explain why section 2255 is inadequate or ineffective. Petitioner merely contends that the decision in Alleyne was issued after his conviction became final and after he previously filed a 2255 motion in the sentencing court.  There is no indication that Petitioner sought leave to file a successive section 2255 motion, and the mere fact that he may be barred from brining a successive 2255 motion is not, in itself, sufficient to render section 2255 an inadequate remedy.  In re Davenport, 147 F.3d 605, 609-610 (7th Cir. 1998).  Accordingly, section 2241 jurisdiction cannot be invoked based on the section 2255 escape hatch.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1.      The instant petition for writ of habeas corpus is dismissed;

2.      The Clerk of Court is directed to terminate this action; and

3.      The Court declines to issue a certificate of appealability.  See Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001) (a COA required if petition is a successive section 2255 petition disguised as a section 2241 petition); 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (a COA should be granted where the applicant has made "a substantial showing of the denial of a constitutional right," i.e., when "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"; Hoffman v. Arave, 455 F.3d 926, 943 (9th Cir. 2006) (same).  In the present case, the Court finds that reasonable jurists would not find it debatable that this

//

//

//

Court's decision finding Petitioner's claim not cognizable under 28 U.S.C. § 2241 to be "objectively unreasonable."

IT IS SO ORDERED.

Dated:   **August 30, 2013**

UNITED STATES MAGISTRATE JUDGE

5